```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------x
JEREMY F. DELUCA,                              :
                          Plaintiff,           :     08 Civ. 1699 (PKL)
              - against -                      :
ACCESS IT GROUP, INC.,                         :
                          Defendant.           :
-----------------------------------------------------------x
```

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

**WolfBlock LLP**
**250 Park Avenue**
**New York, New York 10177**
**(212) 986-1116**

**Attorneys for Defendant**

## PRELIMINARY STATEMENT

Defendant AccessIT Group, Inc. ("AccessIT") respectfully submits this brief in support of its motion: a) pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss for failure to state a claim upon which relief can be granted plaintiff's claim for double damages pursuant to the New York Labor Law; and b) to dismiss the entire complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Plaintiff's claims are based on his assertion that defendant owes him payment for earned commissions.[1] Labor Law § 191-c(3) permits an award of double damages against a defendant in such an action, but only for claims by independent contractors. As plaintiff alleges that he is an employee, not an independent contractor, the complaint is deficient on its face. Even were plaintiff to cure this deficiency, however, the complaint should be dismissed, because Section 191-c(3) of the Labor Law applies only to manufacturers. As plaintiff has not alleged and cannot allege that defendant is a manufacturer, the complaint should be dismissed.

Additionally, plaintiffs' entire complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, because AccessIT has never been served with a summons in this action.

---

[1] This motion does not seek dismissal of the first and third causes of action in the complaint (which allege breach of contract and unjust enrichment, respectively) as pled. However, the facts will demonstrate that those claims should also be dismissed.

NYC:767088.1

## STATEMENT OF FACTS

Plaintiff Jeremy F. DeLuca commenced this action on February 20, 2008 by filing a complaint against defendant AccessIT. The complaint alleges (1) breach of an employment contract, (2) violation of New York's Labor Law, and (3) unjust enrichment. Declaration of David B. Hark dated May 29, 2008, Ex. A.

On or about March 4, 2007, AccessIT was served with a Civil Cover Sheet, Complaint, and Rule 7.1 Statement. Hark Decl. ¶ 3 & Ex. A. No summons was included with these papers. *Id.* AccessIT has never been served with a summons in this action. *Id.*

Plaintiff's second cause of action alleges that plaintiff was a "commissioned salesperson" as defined in the New York Labor Law, that AccessIT failed to pay commissions earned by plaintiff, and that plaintiff is thus entitled to "double damages" pursuant to the New York Labor Law.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR DOUBLE DAMAGES UNDER THE NEW YORK LABOR LAW SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

In plaintiff's second cause of action, he seeks "double damages" under Article 6 of the New York Labor Law for AccessIT's alleged failure to pay him commissions. However, plaintiff has not pled sufficient facts to invoke New York Labor Law §191-c(3), the only section of Article 6 containing a provision for double damages. Moreover, any attempt at amendment would be futile. Accordingly, the claim for double damages should be dismissed.

#### A. Standard For Dismissal Under Rule 12(b)(6)

In the recent case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court addressed the standard for assessing the adequacy of pleadings, and "announced the 'retirement' of the oft-quoted 'no set of facts' language from *Conley v. Gibson*, 355 U.S. 41,

45-47 (1957), adopting in its place a plausibility requirement." *Life Prod. Clearing, LLC v. Angel,* 530 F.Supp.2d 646, 651 (S.D.N.Y. 2008). In deciding a motion for failure to state a claim, a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice. *Id.* at 651. The Court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir. 2001).

### B. "Commissioned Salespersons" Have No Claim to Double Damages Under the Labor Law

Plaintiff expressly alleges that he was a "Commissioned Salesperson" as defined in section 190 of the Labor Law. Complaint ¶26. The statute defines "Commission Salesperson" as "any *employee* whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." N.Y. Labor Law § 190(6) (emphasis added). Thus, plaintiff alleges he was an employee of AccessIT. The only provision of the Labor Law allowing double damages -- Section 191-c – permits an award of such damages only to independent contractors, not employees. Section 191-c provides:

> A **principal** who fails to comply with the provisions of this section concerning timely payment of all earned commissions shall be liable to the **sales representative** in a civil action for double damages.

N.Y. Labor Law § 191-c(3) (emphasis added).

The Labor Law defines "sales representative" as

> a person or entity who solicits orders in New York state and *is not covered by subdivision six of section one hundred ninety* [defining Commission Salesperson as an employee] and paragraph (c) of subdivision one of section one hundred ninety-one of this article [pertaining to Commission Salespersons] because he or she is *an independent contractor*, but does not include one who places orders for his own account for resale.

N.Y. Labor Law § 191-a(d) (emphasis added).

Thus, the double damages provision in Section 191-c(3) applies only to independent contractors. As plaintiff alleges he was a "commission salesperson" – *i.e.*, an employee – he fails to state a claim for double damages under the Labor Law, which are available only to a "sales representative" – *i.e.*, an independent contractor. The claim for double damages should, therefore, be dismissed.

### C. Plaintiff Has Not Alleged, and Cannot Allege, That AccessIT is a "Principal" as Defined By the Labor Law

Even were plaintiff to cure the deficiency described above by alleging that he was a sales representative of AccessIT, the claim for double damages should be dismissed due to another deficiency in plaintiff's pleading.

A claim for double damages under Section 191-c of the Labor Law is only available against a "principal," which is defined as follows:

> "Principal" means a person or company engaged in **the business of manufacturing**, and who:
>
> (1) Manufactures, produces, imports, or distributes a product for wholesale;
>
> (2) Contracts with a sales representative to solicit orders for the product; and
>
> (3) Compensates the sales representative in whole or in part by commissions.

Plaintiff's complaint does not allege that AccessIT is "engaged in the business of manufacturing." Instead, plaintiff alleges that AccessIT "is in the business of hardware and software sales and technical support for the installation, maintenance, and upgrading of approval product line for Information Technology Security and Infrastructure Technologies." Complaint ¶ 3. As plaintiff knows, AccessIT is not a manufacturer, so plaintiff cannot plead facts sufficient

to entitle him to double damages under the Labor Law. *See* Hark Decl. ¶ 2. Dismissal with prejudice is appropriate where amendment would be futile. *Soroka v. JP Morgan Chase & Co.*, 500 F.Supp.2d 217, 224 (S.D.N.Y. 2007)

Simply put, AccessIT is not a manufacturer, and plaintiff has not and cannot claim otherwise. Accordingly, AccessIT is not a "principal" under the Labor Law and cannot be liable for double damages.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

Rule 4(c)(1) contains a simple command: "A summons must be served with a copy of the complaint." Although AccessIT was served with a copy of the complaint, no summons has ever been served, and plaintiff has not filed proof of service pursuant to Rule 4(l)(1). Thus, this Court lacks jurisdiction over AccessIT. *See, e.g., LeBrew v. Reich*, No. 03-CV-1832, 2006 WL 1662595 *6 (S.D.N.Y. May 12, 2006); *OS Recovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993, 2005 WL 1744986 *1 (S.D.N.Y. July 26, 2005). Therefore, the complaint should be dismissed in its entirety pursuant to Rule 12(b)(5) for insufficient service of process. *See generally* 5B Wright & Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2004) ("An appropriate objection under Rule 12(b)(5) would be the nonreceipt by the defendant of a summons").

## CONCLUSION

For all the foregoing reasons, AccessIT's motion should be granted, and plaintiff's complaint should be dismissed.

Dated: New York, New York
       May 30, 2008

                                              WOLFBLOCK LLP

                                              By: _____
                                              Jennifer F. Beltrami (jbeltrami@wolfblock.com)
                                              James L. Simpson (jsimpson@wolfblock.com)
                                              250 Park Avenue
                                              New York, New York 10177
                                              (212) 986-1116

                                              Attorneys for Defendant