UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
JEREMY F. DELUCA,                              :

                  Plaintiff,            :        08 Civ. 1699 (PKL)

          - against -                                :

ACCESS IT GROUP, INC.,                         :

                  Defendant.            :

------------------------------------------------------------x

      I, David B. Hark, declare the following to be true under penalty of perjury.

      1.     I am the President of AccessIT Group, Inc. ("AccessIT"). I submit this declaration in support of AccessIT's motion to dismiss. I have personal knowledge of the facts herein.

      2.     AccessIT is in the business of selling information technology security and infrastructure technologies. AccessIT also provides comprehensive technology risk management services. AccessIT is not a manufacturer and does not manufacture any of the products it sells.

      3.     Attached hereto as Exhibit A is a copy of the Civil Cover Sheet, Complaint and Rule 7.1 Statement AccessIT received on or about March 4, 2008. AccessIT did not receive a summons on March 4, 2008 when it received the complaint in this action, and AccessIT has never been served with a summons in this action.

Dated: May 29, 2008

_____
David B. Hark

NYC:767086.1

# EXHIBIT A

Case 1:08-cv-01699-PKL   Document 6-2   Filed 05/30/2008   Page 1 of 11

**JUDGE LEISURE**

JS 44C/SDNY
REV. 12/2005

CIVIL COVER SHEET **08 CV 1699**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS JEREMY F. DELUCA

DEFENDANTS ACCESS IT GROUP INC.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SHEPS LAW GROUP, P.C.
35 Pinelawn Rd., Suite 106 East
Melville, New York 11747

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Plaintiff files this action in accordance with 28 U.S.C. sec. 1332 in connection to income and payments improperly withheld from the plaintiff by plaintiff's employer.

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐   Judge Previously Assigned

If yes, was this case Vol ☐ Invol. ☐ Dismissed. No ☐ Yes ☐  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[x] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES - OTHER
[ ] 440 OTHER CIVIL RIGHTS

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

Feb 29 2008
U.S.D.C. CASHIERS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER_____

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE_____ DOCKET NUMBER_____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**(PLACE AN x IN ONE BOX ONLY)**     **ORIGIN**

[x] 1 Original Proceeding    [ ] 2a. Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation    [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is a pro se litigant

**(PLACE AN x IN ONE BOX ONLY)**    **BASIS OF JURISDICTION**    **IF DIVERSITY, INDICATE CITIZENSHIP BELOW.**
**(28 USC 1332, 1441)**

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [x] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Jeremy F. Deluca
83 Monroe Street, Apt 4B
Hoboken, NJ 07030
(Hudson County)

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

ACCESS IT GROUP, INC.
900 East 8th Avenue
Suite 300
King of Prussia, PA 19406
(Montgomery County)

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] FOLEY SQUARE
(DO NOT check either box if this is a PRISONER PETITION.)

DATE: 02/15/08    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #    [ ] NO
   [x] YES (DATE ADMITTED Mo. ____ Yr. ____)
   Attorney Bar Code # RCS5388

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY F. DELUCA

                Plaintiff,

-against-

ACCESS IT GROUP INC.

                Defendant.

JUDGE LEISURE

**COMPLAINT**

Civil Action No:
08 CV 1699

FEB 20 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## THE PARTIES

1. Plaintiff was and is a resident of the State of New Jersey, with a home address of Monroe St Apt. 4B Hoboken, NJ 07030.

2. Upon information and belief, the defendant ACCESS IT GROUP INC. (hereinafter "ACCESS IT") is a foreign corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business located at 900 East 8th Avenue, Suite 300, King of Prussia, Pennsylvania 19406.

3. Defendant is in the business of hardware and software sales and technical support for the installation, maintenance, and upgrading of approval product line for Information Technology Security and Infrastructure Technologies.

4. At all times hereinafter relevant, Defendant conducted substantial business in New York City and operated an office located at 11 Penn Plaza, New York, New York during a portion of the time of said breach.

## JURISDICTION AND VENUE

5.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and the costs of the action, exceeds the sum of Seventy-Five Thousand Dollars, ($75,000.00).

6.  Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district and the defendants are subject to personal jurisdiction within this district due to their substantial business contacts.

## FACTUAL ALLEGATIONS
## -AS AND FOR A FIRST CAUSE OF ACTION-

7.  On or about October 2001, Plaintiff began as a fulltime 1099 sales person working for the defendant.

8.  On or about February 2003, Plaintiff assumed the title of Regional Manager for defendant's company.

9.  Plaintiff was to be paid a percentage of the net profits of the defendant's New York operation, and receive reimbursement for certain expenses.

10. Beginning in June 2003 defendant unilaterally removes compensation of the Plaintiff, calling said proceeds "Deferred Income".

11. On or about September 30, 2006, Plaintiff provides notice of his intention to resign as Regional Manger.

12. On or about October 2006, a meeting took place concerning, *inter alia*, the status of the Deferred Income for the Plaintiff.

13. On or about October 2006, a new proposed agreement was exchanged between the parties where he was appointed as a senior account manager.

14. On February 7, 2007, Plaintiff terminated his representation of the defendant's business.

15. Plaintiff has demanded that all outstanding commissions in the amount of Seventy-Two Thousand Four Hundred Fifty One Dollars ($72,451.00) be paid.

16. Plaintiff has demanded that all deferred income of Forty Five Thousand Dollars ($45,000.00) be paid.

17. Defendant refused to make the outstanding payments to the plaintiff.

18. Plaintiff satisfied its obligations under the terms of its agreement.

19. Plaintiff satisfactorily performed the terms and conditions of his employment with Defendant through all times hereinafter relevant.

20. Defendant failed to pay Plaintiff the aforementioned sums which are due and owing at this time and has breached its contract with Plaintiff.

21. As a result of Defendant's breach of the parties' agreement, Plaintiff has suffered a significant financial loss and is entitled to recover the following damages: Seventy Two Thousand Four Hundred Fifty One Dollars ($72,451.00) of his outstanding commissions and deferred income in an amount in excess of Forty Five Thousand Dollars ($45,000.00).

22. Plaintiff has duly demanded payment of Defendant.

23. Defendant has failed to make payment.

24. As a result of the foregoing, Plaintiff demands judgment of Defendant of all proceeds, including interest, expenses and attorneys fees.

## -AS AND FOR A SECOND CAUSE OF ACTION-

25. Plaintiff repeats and reiterates the preceding allegations.

26. Upon information and belief Plaintiff's employment with Defendant was as a "Commissioned Salesperson" as that term is defined under section 190 of the New York Labor Law.

27. Defendant's failure to pay Plaintiff wages owed violates Article 6 of the New York Labor Law.

28. As a result of the foregoing, under the New York Labor Law Defendant shall be liable to Plaintiff for double damages on Plaintiff's earned commissions and for Plaintiff's reasonable attorneys' fees, court costs and disbursements.

29. The total amount of Plaintiff's earned commissions owed by Defendant is in excess of One Hundred Seventeen Thousand Four Hundred Fifty One Dollars ($117,451.00).

30. As a result of the foregoing, Defendant is liable under New York Labor Law to Plaintiff in this cause of action for the amount of One Hundred Seventeen Thousand Four Hundred Fifty One Dollars ($117,451.00), double damages, and for Plaintiff's reasonable attorneys' fees, court costs and disbursements.

31. As a result of the foregoing, Plaintiff demands judgment of Defendant in the amount of Two Hundred Thirty Four Thousand Nine Hundred Two Dollars ($234,902.00), together with an award of Plaintiff's reasonable attorneys' fees, court costs and disbursements.

### -AS AND FOR A THIRD CAUSE OF ACTION-

32. Plaintiff repeats and reiterates all prior allegations as set forth more fully here.

33. Defendant retention of said commissions and deferred compensation has unjustly enriched the defendant.

34. Defendant has no basis for retaining said monies.

35. Such sums have been demanded but not returned.

36. Defendant has been unjustly enriched by the retention of said money that it has no justifiable basis for withholding.

WHEREFORE, Plaintiff demands that defendant be found responsible for the three aforementioned causes of action, and that this Court award all amounts owed, costs, interest and disbursements as this court deems just and proper

DATED: Melville, New York
February 15, 2008

Robert C. Sheps, Esq. (RCS5388)
SHEPS LAW GROUP, P.C.
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106 East
Melville, New York 11747
(631) 249-5600
(631) 249-5613 Facsimile

TO:

ACCESS IT GROUP INC.
900 East 8th Avenue, Suite 300
King of Prussia, Pennsylvania 19406

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeremy F. Deluca<br><br>Plaintiff,<br><br>-v-<br><br>Access IT Group, Inc.<br><br>Defendant, | Case No.:<br><br><br><br><br><br>Rule 7.1 Statement |

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Jeremy F. Deluca (a private, non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Date: 02/15/08

_____
Signature of Attorney

Attorney Bar Code: RCS5388

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------x
JEREMY F. DELUCA,                                   :

                Plaintiff,                         :      08 Civ. 1699 (PKL)

             - against -                              :

ACCESS IT GROUP, INC.,                              :

                Defendant.                         :
-------------------------------------------------------x

## STATEMENT PURSUANT TO FED. R. CIV. P. 7.1

Pursuant to Fed. R. Civ. P. 7.1, defendant AccessIT Group, Inc. ("AccessIT") states that it has no parent corporations, and no publicly held corporation owns 10% or more of the stock of AccessIT.

Dated: New York, New York
       May 30, 2008

                                            WOLFBLOCK LLP

                                            By: _____
                                                Jennifer F. Beltrami (jbeltrami@wolfblock.com)
                                                James L. Simpson (jsimpson@wolfblock.com)
250 Park Avenue
New York, New York 10177
(212) 986-1116

Attorneys for Defendant

NYC:767140.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------x
JEREMY F. DELUCA,                              :

                Plaintiff,         :     08 Civ. 1817 (PKL)

        - against -                          :     **CERTIFICATE OF SERVICE**

ACCESS IT GROUP, INC.,                    :

                Defendant.       :
-------------------------------------------------------------x

I hereby certify that a true and correct copy of defendant's Notice of Motion to Dismiss, Declaration of David B. Hark dated May 29, 2008, and Memorandum of Law in Support of Motion to Dismiss, dated May 30, 2008, were served on the following counsel by Federal Express on the 30th day of May, 2008:

    Robert C. Sheps, Esq.
    SHEPS LAW GROUP, P.C.
    35 Pinelawn Road, Suite 106 East
    Melville, New York 11747
    (631) 249-5600
    Attorneys for Plaintiff

_____
JAYNE PARIS

NYC:767165.1