UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEREMY F. DELUCA,

                Plaintiff,

   -against-

ACCESS IT GROUP, INC.,

                Defendant.
------------------------------------------------------------------------X

Case No.: 08-cv-1699 (PKL)

**AFFIDAVIT IN OPPOSITION OF DEFENDANT'S MOTION**

STATE OF NEW YORK   )
                              SS
COUNTY OF SUFFOLK  )

I, ROBERT C. SHEPS, declare under penalty of perjury that the foregoing is true and correct:

1.    I am the Principal of SHEPS LAW GROUP, P.C., attorneys for Jeremy F. Deluca. As such, I am fully familiar with all the facts and circumstances of this case. I submit this affidavit in support of the plaintiff's opposition to defendant's motion to dismiss pursuant to FRCP 12(b)(6) and 12(b)(5). Plaintiff also submits this affidavit in support of its motion to amend its complaint and extend the time in which to serve a summons upon the defendant.

2.    This is an employment dispute arising out of ACCESS IT GROUP, INC.'S breach of employment contract, violation of the New York Labor Law and unjust enrichment.

3.    As more fully set forth in Plaintiff's Memorandum of Law in support of Plaintiff's opposition, Plaintiff was fully entitled to double damages under New York Labor Law in accordance with his status as an independent contractor.

4. A copy of e-mail correspondence between the Plaintiff and Defendant dated December 17, 2003 which concerns Plaintiff's status as an independent contractor and Defendant's acknowledgement thereof, is annexed hereto as Exhibit's "A".

5. A copy of a letter written by the Plaintiff to Defendant, and at the direction of Defendant, dated January 14, 2004 explicitly stating Plaintiff's status as an independent contractor, is annexed hereto as Exhibit "B".

6. Plaintiff was also entitled to double damages from the Defendant based upon the services and products which were offered by Defendant as a manufacturer for the purposes of New York Labor Law.

7. A copy of Defendant ACCESS IT GROUP, INC's website page in annexed hereto as Exhibit "C" which explains their services and products.

8. With respect to Defendant's assertion of improper service for lack of being served with a summons, defendant has acknowledged service of Plaintiff's complaint several times. During the time settlement discussions were underway, defendant was granted an extension of time in which to answer Plaintiff's complaint.

9. A copy of e-mail correspondence between counsel for Plaintiff and Defendant concerning extending the Defendant's time to file an answer in the subject action is annexed hereto as Exhibit "D".

WHEREFORE, I respectfully request that this Court deny defendant's motion to dismiss in its entirety and for such other, different and further relief as this Court may deem just and proper.

Dated: Melville, New York
July 3, 2008

Respectfully Submitted,

SHEPS LAW GROUP, P.C.

BY: _____

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road – Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 7102



Megan Ebert

From: David Hark
Sent: Wednesday, December 17, 2003 1:03 PM
To: Jedd Deluca
Cc: Joe Luciano
Subject: Independent Contractor

Jedd:

Per our conversation a few months ago, in order for you to remain a 1099 Independent Contractor for AITG, we need you to draft a letter including the following verbiage:

    You are an independent representative for the company (AITG).
    The company has limited control over your time and the customers that you silicate in your territory.
    You are compensated on a commission basis.
    You are responsible for paying your own business expenses and taxes.
    You are able to be a represent for other company products that do not compete with any Access IT product line.
    You will not make any claims against AITG's Unemployment or Worker's Compensation policies now of in the future.

Please mail 2 fully executed copies (notarized signature & date) to the PA office before the end of this year.

Thanks,
-DH

B

02-16-07    10:04    From-HQ GLOBAL WORKPLACES    212-946-2808    T-635    P.002/002    F-725

# Jeremy F deLuca

January 14, 2004

David Hark
President
Access IT Group, Inc.
20106 Valley Forge Circle
Suite 106
King of Prussia, PA 19406

Dear David,

    Please accept this letter as my testament that I, Jeremy F. deLuca, operate as an independent representative of AccessIT Group, Inc and that the company has limited control over my time and the customers I solicit. Additionally, I am able to represent other organizations if their products do not directly compete with those of Access IT Group, Inc.

    My compensation is entirely on a commission basis and I am personally responsible for paying my own business expenses and taxes.

    Lastly, I will not make any claims against Access IT Group, Inc.'s Unemployment or Worker's Compensation policies now or in the future.

I Remain,

*[signature]*

Jeremy F. deLuca
jedddeluca@hotmail.com
917-751-8030

*[notary seal]*
AVERIM STAVSKY
Notary Public, State of New York
No. 02ST6024817
Qualified in Nassau County
Commission Expires 05/17/2004

67 Eighth Avenue, Apartment 52, New York, New York, 10014





D

**Megan Ebert**

From: Terri N. Gelberg [gelberg@pond.com]
Sent: Thursday, May 22, 2008 5:54 PM
To: Robert Sheps
Subject: Re: DeLuca V AccessIT Group, Inc

Based on your position, I will have the client engage NY litigation counsel to respond by the 30th.

Sorry we weren't more effective.

Terri

Terri N. Gelberg
Gelberg & Associates, P.C.
Suite 3000
1818 Market Street
Philadelphia, PA 19103
215-575-7610
215-575-7640(fax)
gelberg@pond.com

----- Original Message -----
From: Robert Sheps
To: Terri N. Gelberg
Sent: Thursday, May 22, 2008 4:54 PM
Subject: RE: DeLuca V AccessIT Group, Inc

I have reviewed your position...quite frankly the whole thing about waiving his fee for him bringing in the money based upon date of later collection is highly unreasonable and defies logic.......... I don't see it having great merit here in NY...

Likewise, the scare tactic of threatening Jedd's current employer with subpoenas and possibly suing them to try to break him into submission will not go far under a Rule 11 sanction analysis. There is no evidence he worked for competitors before that date...because he did not.

If you want to pay what is owed, with possible savings to avoid litigation..that is fine...but I don't see any merit to the position, and I am proceeding forward.

You know about the court date...An Answer should be filed by next week if we can not settle this beforehand.

Robert

From: Terri N. Gelberg [mailto:gelberg@pond.com]
Sent: Thursday, May 22, 2008 4:48 PM
To: Robert Sheps
Subject: Re: DeLuca V AccessIT Group, Inc

I just left you a voice mail message. I thought you committed to getting back to me earlier this week. The current deadline for our filing a response is May 30. If we can handle this without litigation counsel there maybe

some settlement money. Did you check the facts we discussed with your client? Do you want to try to work this out? If so, I need to hear something from you today or tomorrow, or we can extend another 2 or 3 weeks if you and your client need the time. Please let me know asap.

Terri

Terri N. Gelberg
Gelberg & Associates, P.C.
Suite 3000
1818 Market Street
Philadelphia, PA 19103
215-575-7610
215-575-7640(fax)
gelberg@pond.com

## Megan Ebert

**From:** Terri N. Gelberg [gelberg@pond.com]
**Sent:** Thursday, May 15, 2008 2:54 PM
**To:** Robert Sheps
**Subject:** Re: DeLuca V AccessIT Group, Inc

I returned to the office today. Based on our telephone calls and emails, the current date for us to file a response is May 30, 2008.

If settlement is possible, it would be good for us to hear from you in the next 2 or 3 business days.

Please let me know.

Terri
Terri N. Gelberg
Gelberg & Associates, P.C.
Suite 3000
1818 Market Street
Philadelphia, PA 19103
215-575-7610
215-575-7640(fax)
gelberg@pond.com

**Megan Ebert**

From: Terri N. Gelberg [gelberg@pond.com]
Sent: Friday, April 18, 2008 2:06 PM
To: Robert Sheps
Subject: Re: DeLuca V AccessIT Group, Inc

This will confirm our agreement to your suggestion that there be an additional time for my client, AccessIT Group, Inc., to respond in Civil Action number 08 CV 1699, until May 16, 2008, to give you time to discuss a possible settlement with your client.

I will send you early next week, a summary of some of the points we discussed yesterday.

Is it necessary or good practice for you to notify the court of the extension with some type of filing under the circumstances? Again, as you know, I am not a litigator, nor a NY atty.

Terri

Terri N. Gelberg
Gelberg & Associates, P.C.
Suite 3000
1818 Market Street
Philadelphia, PA 19103
215-575-7610
215-575-7640(fax)
gelberg@pond.com

----- Original Message -----
From: Robert Sheps
To: Terri N. Gelberg
Sent: Wednesday, April 16, 2008 10:14 AM
Subject: RE: DeLuca V AccessIT Group, Inc

I would be free.....

Who would be participating in this call?

It seems to me the money at issue is due and owing...and interest is accruing. It would have to be a substantially complete number.

What don't you see as being recoverable right now.

Thanks
Robert Sheps

From: Terri N. Gelberg [mailto:gelberg@pond.com]
Sent: Tuesday, April 15, 2008 6:25 PM
To: Robert Sheps
Subject: DeLuca V AccessIT Group, Inc

When we spoke last you suggested we discuss a settlement. Please let me know if you are available thursday at 4:30pm or friday afternoon to have a call.