UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEREMY F. DELUCA,

                      Plaintiff,

   -against-

ACCESS IT GROUP, INC.,

                      Defendant.
------------------------------------------------------------------X

Case No.: 08-cv-1699 (PKL)

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND IN FURTHER SUPPORT OF PLAINTIFF'S CROSS MOTION

---

ROBERT C. SHEPS. ESQ.
SHEPS LAW GROUP, P.C.
35 Pinelawn Road – Ste. 106E
Melville, New York 11746
(631) 249-5600
File No.: 7102

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEREMY F. DELUCA,

                      Plaintiff,

-against-

ACCESS IT GROUP, INC.,


                      Defendant.
------------------------------------------------------------------X

Case No.: 08-cv-1699 (PKL)

**MEMORANDUM OF LAW**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND IN FURTHER SUPPORT OF PLAINTIFF'S CROSS MOTION**

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of Plaintiff JEREMY F. DELUCA'S Opposition to Defendant ACCESS IT GROUP INC'S (hereinafter "ACESS") Motion to Dismiss. This Memorandum of Law is also submitted in Support of Plaintiff's Cross Motion to Amend his Complaint to correct any Alleged Deficiencies and for an extension of time to serve a Summons upon the defendant.

**LEGAL ARGUMENTS**

I.    **PLAINTIFF DOES STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR DOUBLE DAMAGES PURSUANT TO NEW YORK LABOR LAW**

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss a complaint for failure to state a claim upon which relief can be granted, must be decided solely on the basis of the complaint itself. See Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991); CBS, Inc. v. Ahern, 108 F.R.D. 14, 18-19 (S.D.N.Y.1985). The Court "must accept

all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Ed., 131 F.3d 326, 329 (2d Cir.1997) (citing Albright v. Oliver, 510 U.S. 266, 268 (1994)); see also Rotter v. Leahy, 93 F.Supp.2d 487, 497-98 (S .D.N.Y.2000) (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.1993)).

A claim may not be dismissed under Rule 12(b)(6) unless " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.1996) (internal quotations omitted).

In this case, Defendants have argued that under New York's Labor Law, the plaintiff can only obtain "double damages" against a defendant if it is an independent contractor and that Plaintiff has not made such an allegation in its Complaint.

This is not the case as Plaintiff has indeed alleged that he was an independent sales person that would qualify him for double damages.  More specifically, in paragraph 7 of the Complaint, Plaintiff alleges that he was a "fulltime 1099 sales person" for the defendant's company.

A 1099 contractor, or, more accurately an independent contractor, is a legal and tax-related term used in the United States to refer to the type of worker that contracts his or her services out to a business or businesses. The "1099" refers to the Internal Revenue Service (IRS) form that an independent contractor receives stating his or her income from a given business in a given tax year. A 1099 contractor is not an employee of the business or businesses with which he

or she works, instead he or she is an independent contractor, or consultant, who is considered to be self-employed. See IRS Government Website http://www.irs.gov/faqs/faq12-2.html.

In this case, Mr. DeLuca was indeed an independent contractor. This fact is supported as well by not only the Complaint, but by the defendants themselves who never once dispute this fact in their moving papers. In reality, the defendant is well aware that Mr. DeLuca was an independent contractor as evidenced by an email from them to Mr. DeLuca back on December 17, 2003, annexed as Exhibit "A" to Plaintiff's Affidavit in Opposition. Mr. DeLuca also wrote to AccessIT Group on January 17, 2004, at the request of the defendant, to set forth in writing that he was an independent contractor. If this was not the case, the defendant should submit appropriate payroll tax records to the contrary.

Plaintiff withdraws its statement that it was a commissioned salesperson in its pleading to the extent that it is defined under Section 190 of the Labor Law that he was an "employee". Plaintiff seeks permission pursuant to Rule15(a) of the Federal Rules of Civil Procedure to redact that portion of Paragraph 26 of its Complaint that alleges that under Labor Law Section 190 he was an employee of ACCESS IT. Plaintiff would ask that this Paragraph of the complaint be deemed stricken or that Plaintiff be granted permission to simply correct that mistake in its pleading.

Defendant further claims that it can not be held liable for "double damages" under Section 191-c of the Labor Law because of the fact that it was not a "manufacturer". Notably not a single piece of jurisprudential authority is submitted by the movants to support this prohibition. Instead, without citing to any particular part of the Labor Law, defendants loosely refer to the fact that "principal" is defined as someone in the business of manufacturing, and who distributes a product for wholesale.

The Plaintiff does not concede that one must be a strict manufacturer to be subject to the double damages provision. However, even if it was the standard, defendant is indeed in the business of selling, distributing, reconfiguring and, therefore, manufacturing of specifically catered security based IT products for its customers. One need to look no further than their own website where they provide not only "products" but comprehensive IT Security Design", most certainly a manufactured product for the customer. (See annexed as Exhibit "C" to Plaintiff's Affidavit in Opposition a true and correct copy of a portion of defendant's website)

## II. THE COMPLAINT WAS PROPERLY FILED AND THE AFFIDAVITS OF SERVICE HAVE BEEN FILED

The defendant does not argue it was not served with the Complaint. Instead, shortly after the service of the Complaint, Plaintiff gave an extensive period of time, of over two months to the defendant to see if this matter could be amicably resolved. The Affidavits of Service have indeed been filed with the clerk of this Court to prove valid service.

Although admitting they received the Complaint, the defendants indicate they have not received a Summons. Plaintiff has prepared for service of the Summons to be served upon the Defendant contemporaneous to this motion's filing.

To the extent no Summons was served previously, Plaintiff respectfully request permission from this Court for a short extension of time under Rule 4(m), which provides in relevant part "that if the plaintiff shows good cause for the failure [to the serve the summons and complaint], the court shall extend the time for service for an appropriate period." Plaintiff has taken steps to make certain the Summons has been filed, and is not certain why it was not originally served. The defendants, who have appeared in this action, and have been granted several courtesy extensions of time to appear, would suffer no prejudice from permission to serve this Summons.

This Honorable Court has discretion to grant an extension in appropriate circumstances. *See* Advisory Committee's Notes on 1993 Amendments to Fed.R.Civ.P. 4(m); *see also* Henderson v. United States, 517 U.S. 654, 658 n.5, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). In making this decision, "[c]ourts will consider whether (1) the defendant had actual notice that the plaintiff had filed a claim; (2) the defendant concealed a defect in attempted service; (3) the defendant suffered prejudice as a result of plaintiff's delay; and (4) if the statute of limitations would bar the refiled action." Courts consider also plaintiffs' diligence in attempting to effect service.

The defendant in this case was well aware of this action, and no one sought to move for default against them, even after they did not appear in the appropriate period of time, and their prior counsel had repeatedly contacted Plaintiff's counsel for extensions and never mentioned she was missing any paperwork. (See Exhibit "E" to Plaintiff's Affirmation in Opposition). There is no prejudice in this delay and the statute of limitations would not have expired.

Again, the Summons is being served to the defendant, and the appropriate Affidavit of Service will be filed with this Court. Plaintiff respectfully requests this Court's permission to accept this Summons as if it was served originally with the Complaint to avoid the imposition of costs upon the Plaintiff who has already has faced financial losses as a result of the defendant's unjustifiable hold back of his earned commissions.

**WHEREFORE,** Plaintiff respectfully requests that the Motion for Dismissal be Denied and that Plaintiff be allowed to file an Amended Complaint and to file the Summons with the Court at this time to correct any jurisdictional issues and for such other relief as this Court deems just and proper.

Dated: Melville, New York
       July 3, 2008

Respectfully Submitted,

SHEPS LAW GROUP, P.C.

BY: _____
SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road – Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 7102