UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------------x
JEREMY F. DELUCA,                                          :

                   Plaintiff,                          :          08 Civ. 1699 (PKL)

           - against -                                :

ACCESS IT GROUP, INC.,                                :

                Defendant.                         :

-----------------------------------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

**WOLFBLOCK LLP**
**250 Park Avenue**
**New York, New York 10177**
**(212) 986-1116**

**Attorneys for Defendant**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

REPLY STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT .................................................................................................................................. 2

I.      PLAINTIFF'S CLAIM FOR DOUBLE DAMAGES UNDER THE NEW YORK
        LABOR LAW SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO
        STATE A CLAIM. ............................................................................................................... 2

        A.      "Commissioned Salespersons" Have No Claim to Double Damages Under
                the Labor Law. ......................................................................................................... 2

        B.      Plaintiff Has Not Alleged, and Cannot Allege, That Access IT is a
                "Principal" as Defined By the Labor Law. ............................................................. 3

II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT
        SERVICE OF PROCESS ..................................................................................................... 4

CONCLUSION ............................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Crossen v. Bernstein*, No. 91-cv-3501, 1994 WL 281881, * 3 (S.D.N.Y. June 23, 1994) ............. 5

*Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y. 1997),
    *aff'd* 173 F.3d 844 (2d Cir. 1999) ............................................................................................. 5

*Macaluso v. New York State Dep't of Envir. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) . 5

**Statutes**

N.Y. LABOR LAW § 190 ................................................................................................................. 3

N.Y. LABOR LAW § 191-a ............................................................................................................. 3

N.Y. LABOR LAW § 191-c ............................................................................................................. 3

**Other Authorities**

THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 153-58 (Columbia Law Review Ass'n et al.
    eds., 18th ed. 2005) ................................................................................................................ 4

**Rules**

FED. R. CIV. P. 4 .......................................................................................................................... 5

## PRELIMINARY STATEMENT

Defendant AccessIT Group, Inc. ("AccessIT") respectfully submits this reply brief in further support of its motion: a) pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss for failure to state a claim upon which relief can be granted plaintiff's claim for double damages pursuant to the New York Labor Law; and b) to dismiss the entire complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Plaintiff does not and cannot state a claim for double damages under section 191-c of the New York Labor Law. By his own admission, plaintiff's complaint is defective in that it alleges that he is a "commissioned salesperson," *i.e.*, an employee, and only independent contractors are entitled to claim double damages pursuant to Labor Law section 191-c. Leave to amend is not warranted here, because any claim for double damages would be futile. Section 191-c by its plain terms only applies to manufacturers, and plaintiff does not and cannot allege that AccessIT is engaged in the business of manufacturing. As demonstrated below, the "proof" plaintiff attempts to adduce regarding AccessIT's alleged manufacturing activities is emphemeral and shows nothing of the kind.

Furthermore, plaintiffs' entire complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Plaintiff has had three chances to serve AccessIT and still has not managed to do so properly. On his first try, plaintiff's service was insufficient, as he failed to serve a summons at all. He got a second chance at service when AccessIT filed the present motion *while time still remained for service*, but he squandered this opportunity by doing nothing. On his third chance, which he now asks the Court to approve *nunc pro tunc*, plaintiff issued the summons himself in flagrant disregard of the rules without securing the

clerk's signature and seal.  There is no reason to give plaintiff a fourth chance to serve process in this action.

## REPLY STATEMENT OF FACTS

Plaintiff Jeremy F. DeLuca commenced this action on February 20, 2008 by filing a complaint against defendant AccessIT.  Rule 4(m) provided plaintiff with 120 days to serve process—a period which expired on June 19, 2008.

On May 30, 2008, AccessIT filed the present motion.

On July 3, 2007, AccessIT was served with a Civil Cover Sheet, Summons, Complaint, and Rule 7.1 Statement.  Hark Reply Decl. ¶ 2 & Ex. A.  The summons included with these papers did not bear the signature of the court clerk, nor did it contain this Court's seal.  *Id.* AccessIT has never been served with a summons bearing the signature of the clerk and the Court's seal in this action.  *Id.*

## ARGUMENT

I.     **PLAINTIFF'S CLAIM FOR DOUBLE DAMAGES UNDER THE NEW YORK LABOR LAW SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.**[1]

A.     **"Commissioned Salespersons" Have No Claim to Double Damages Under the Labor Law.**

Plaintiff concedes that "commissioned salespersons" have no claim to double damages, and now admits that his allegation to that effect was a mistake.  Plainly, plaintiff did not bother

---

[1]     It is indicative of plaintiff's abject failure to attend to the details of an action he commenced that he cites the defunct "no set of facts" standard announced in *Conley v. Gibson*, 355 U.S. 41 (1957).  Of course, the Supreme Court abrogated this standard in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) ("after puzzling the profession for 50 years, this famous observation has earned its retirement").

to read the Labor Law before citing it in his complaint.  He now purports to "withdraw" this claim, and asks that it be redacted, deemed stricken, or corrected through an amended pleading.

Normally, the proper course of action might be dismissal with leave to file an amended complaint.  However, since plaintiff has not and cannot plead a claim for relief under Labor Law section 191-c, leave to amend should be denied as futile, and plaintiff's claim for double damages should be dismissed with prejudice.

**B.      Plaintiff Has Not Alleged, and Cannot Allege, That Access IT is a "Principal" as Defined By the Labor Law.**

In order to assert a statutory cause of action under the Labor Law, plaintiff obviously must plead sufficient facts showing that he is entitled to relief under the statute.  Plaintiff's mere allegation that he was a "1099 sales person" does not state a claim under section 191-c, as not all independent contractors are covered by that statute.  The New York Legislature expressly limited section 191-c's reach to independent contractors retained by a particular group of persons—those engaged in the "business of manufacturing" who "manufacture, produce, import, or distribute a product for wholesale."  N.Y. LABOR LAW § 191-a(c).  Far from a "loose reference," as plaintiff suggests, this is the precise terminology the Legislature expressly chose.

By way of contrast, section 190 broadly defines "employer" as "any person, corporation, limited liability company, or association employing any individual in _any occupation, industry, trade, business or service_."  N.Y. LABOR LAW § 190(3) (emphasis added).  By using far less expansive language in defining "principals" in section 191-a, the Legislature clearly indicated that the protections of section 191-c would only apply to independent contractors retained by certain employers.  Plaintiff inexplicably criticizes defendant for citing the plain language of the statute, but he fails to cite any authority suggesting that defendant is a principal under the statute.

When measured against that plain language, plaintiff's current complaint fails to set forth a cause of action and should be dismissed for that reason.  Furthermore, it should be dismissed with prejudice because any attempt by plaintiff to allege that defendant is a "principal" would be futile—as demonstrated by the feeble affidavit submitted by plaintiff's counsel.  Plaintiff's counsel submits a single page from defendant's website—without the standard explanation of who accessed this site, or when it was last viewed.  *See generally* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 153-58 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005).  Plaintiff's counsel argues—without any explanation—that the mere fact that defendant's website indicates it offers products as well as design services demonstrates that defendant is a manufacturer.  Retailers sell products, and architects sell design services; neither falls within the scope of section 191-c for that reason alone.

Plaintiff's own silence on this motion is telling.  He presumably possesses far more familiarity with defendant's business and industry than his counsel, yet he did not submit any sworn statement on this motion, let alone one claiming that defendant is involved in manufacturing.  Plaintiff's counsel did not even bother to attach the webpage discussing defendant's "products," nor did he indicate what these products are, or even state that defendant manufactured them.  Plaintiff's silence and the shortcomings of his counsel's affidavit are easily explained:  defendant is not a principal under section 191-c, and neither plaintiff nor his counsel bothered to familiarize themselves with the Labor Law before asserting a claim for double damages.  The Court should dismiss this claim with prejudice.

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

As defendant has challenged the sufficiency of service of process, "the burden of proof is on the plaintiff to show the adequacy of service."  *Howard v. Klynveld Peat Marwick Goerdeler*,

977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999). The Court should dismiss this action due to plaintiff's failure to come forth with any evidence that he timely served a summons, and for his absolute and unexplained failure to conform with the straightforward provisions of Rule 4, despite ample opportunity to do so.

Plaintiff has already had three chances to effect proper service.

On his first chance at service, plaintiff failed to serve AccessIT with a summons—a fact that is not in dispute, as plaintiff has not submitted any proof that he caused AccessIT to receive a summons. The affidavit of service plaintiff filed with the Court does not claim to have served a summons. (Dkt. entry no. 7; affidavit of service of "notice of sheriff's sale of real property").

He received a second chance when AccessIT filed the present motion on May 30, 2008. At that time, plaintiff still had nearly three weeks in which to properly serve process before the deadline prescribed by Rule 4(m).[2] He made no effort to do so.

Finally, plaintiff caused defendant to be served after the deadline had expired, on July 3, 2008, with a summons improperly issued without the court clerk's signature, and without the seal of this Court. Rule 4 plainly requires that a summons must "be signed by the clerk; and bear the court's seal." Rule 4(a)(1)(F,G); Rule 4(b) ("If the summons is properly completed [by plaintiff], the clerk must sign, seal, and issue it to the plaintiff for service on the defendant"). Failure to adhere to these plain requirements is not merely a technical defect; it is a "flagrant disregard" of the rules. *Crossen v. Bernstein*, No. 91-cv-3501, 1994 WL 281881, * 3 (S.D.N.Y. June 23, 1994) (Leisure, J). *See also Macaluso v. New York State Dep't of Envir. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986). Plaintiff has not claimed that he ever properly presented a summons to the clerk for issuance.

---

[2]    As plaintiff commenced this action on February 20, 2008, he had until June 19, 2008 to serve process. Fed. R. Civ. P. 4(m).

Plaintiff now asks the Court to approve this untimely service *nunc pro tunc* pursuant to Rule 4(m), either for good cause shown or pursuant to the Court's discretion, but Rule 4(m) does not permit a plaintiff to avoid the plain requirements set forth in the other parts of the rule.  In any event, plaintiff's lack of diligence, carelessness, and flagrant disregard for the rules hardly constitutes "good cause" or a basis for an exercise of judicial discretion.  Such conduct instead warrants dismissal of this action.

<u>**CONCLUSION**</u>

For all the foregoing reasons as well as those set forth in its initial brief, AccessIT's motion should be granted, and plaintiff's complaint should be dismissed.

Dated:  New York, New York
        July 16, 2008

WOLFBLOCK LLP

By:    /s/
    Jennifer F. Beltrami (jbeltrami@wolfblock.com)
    James L. Simpson (jsimpson@wolfblock.com)
250 Park Avenue
New York, New York 10177
(212) 986-1116

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------x

JEREMY F. DELUCA,                              :

                          Plaintiff,           :          08 Civ. 1699 (PKL)

            - against -                         :

ACCESS IT GROUP, INC.,                         :

                          Defendant.           :

-------------------------------------------------------------x

I, David B. Hark, declare the following to be true under penalty of perjury.

1.      I am the President of AccessIT Group, Inc. ("AccessIT").  I submit this declaration in further support of AccessIT's motion to dismiss.  I have personal knowledge of the facts herein.

2.      On July 3, 2007, AccessIT was served with a Civil Cover Sheet, Summons, Complaint, and Rule 7.1 Statement.  A copy of these papers is attached hereto as Exhibit A.  The summons included with these papers did not bear the signature of the court clerk, nor did it contain this Court's seal.  AccessIT has never been served with a summons bearing the signature of the clerk and the Court's seal in this action.  *Id.*

Executed on July ⎽⎽15th⎽⎽, 2008

_____
                     David B. Hark

# EXHIBIT A

thurs July 3rd
4 pm

JS 44C/SDNY
REV. 12/2005

JUDGE LEISURE

CIVIL COVER SHEET

08 CV 1699

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
JEREMY F. DELUCA

**DEFENDANTS**
ACCESS IT GROUP INC.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
SHEPS LAW GROUP, P.C.
35 Pinelawn Rd., Suite 106 East
Melville, New York 11747

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Plaintiff files this action in accordance with 28 U.S.C. sec. 1332 in connection to income and payments improperly withheld from the plaintiff by plaintiff's employer.

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐   Judge Previously Assigned

If yes, was this case Vol.☐ Invol.☐ Dismissed. No☐ Yes ☐ If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[X] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 780 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

FEB 29 2008
U.S.D.
CASHIERS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

JEREMY F. DELUCA

V.

ACCESS IT GROUP, INC.,

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:   08 Civ.1699 (PKL)

TO: (Name and address of Defendant)

ACCESS IT GROUP, INC.
900 East 8th Avenue,
Suite 300,
King of Prussia, Pennsylvania 19406

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert C. Sheps, Esq.
SHEPS LAW GROUP, P.C.
35 Pinelawn Road, Suite 106 East
Melville, New York 11747
(631) 249-5600
Attorneys for Plaintiff

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK _____    DATE _____

(By) DEPUTY CLERK _____

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                          Date                              Signature of Server

_____
Address of Server

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

*thurs July 3rd*
*4 pm*

JS 44C/SDNY
REV. 12/2005

**JUDGE LEISURE**

CIVIL COVER SHEET

**08 CV 1699**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JEREMY F. DELUCA | ACCESS IT GROUP INC. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| SHEPS LAW GROUP, P.C. 35 Pinelawn Rd., Suite 106 East Melville, New York 11747 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Plaintiff files this action in accordance with 28 U.S.C. sec. 1332 in connection to income and payments improperly withheld from the plaintiff by plaintiff's employer.

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐ Judge Previously Assigned

If yes, was this case Vol.☐ Invol.☐ Dismissed. No☐ Yes ☐ If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)      NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES - OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

FEB 20 2008
U.S.D
CASHIERS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

[x] 1 Original Proceeding  [ ] 2a. Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation  [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is a pro se litigant

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**   **IF DIVERSITY, INDICATE**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [x] 4 DIVERSITY   **CITIZENSHIP BELOW.**
**(28 USC 1332, 1441)**

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Jeremy F. Deluca
83 Monroe Street, Apt 4B
Hoboken, NJ 07030
(Hudson County)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

ACCESS IT GROUP, INC.
900 East 8th Avenue
Suite 300
King of Prussia, PA 19406
(Montgomery County)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  **THIS ACTION SHOULD BE ASSIGNED TO:**   [ ] WHITE PLAINS   [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 02/15/08   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #   [ ] NO
[x] YES (DATE ADMITTED Mo. _____ Yr. _____)
Attorney Bar Code # RCS5388

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern     District of     New York

JEREMY F. DELUCA

V.

ACCESS IT GROUP, INC.,

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 08 Civ.1699 (PKL)

TO: (Name and address of Defendant)

ACCESS IT GROUP, INC.
900 East 8th Avenue,
Suite 300,
King of Prussia, Pennsylvania 19406

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert C. Sheps, Esq.
SHEPS LAW GROUP, P.C.
35 Pinelawn Road, Suite 106 East
Melville, New York 11747
(631) 249-5600
Attorneys for Plaintiff

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK     DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                          *Signature of Server*

                                       _____
                                       *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

*Index No.*        *Year*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY F. DELUCA

                 Plaintiff,

      -against-

ACCESS IT GROUP INC.

                 Defendant.

---

## SUMMONS

**SHEPS LAW GROUP, P.C.**
*Attorneys for Petitioner*
**35 Pinelawn Road**
**Suite 106 East**
**MELVILLE, NEW YORK 11747**
**(631) 249-5600**

*To:*    ***
*Attorney(s) for*    ***

*Service of a copy of the within* ***      is hereby admitted.
*Dated:* ***

                         ........................
                         *Attorney(s) for* ***

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a* ***
    *entered in the office of the clerk of the within named Court on* ***
NOTICE OF
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to*
    *the Hon.* ***
☐   *one of the judges of the within named Court, at* ***, *on* ***, *at* ***   .
NOTICE OF
SETTLEMENT
*Dated:* ***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY F. DELUCA

                              Plaintiff,

          -against-

ACCESS IT GROUP INC.

                              Defendant.

**JUDGE LEISURE**

**COMPLAINT**

Civil Action No:

**08 CV 1699**

FEB 20 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## THE PARTIES

1.      Plaintiff was and is a resident of the State of New Jersey, with a home address 85 Monroe St Apt. 4B Hoboken, NJ 07030.

2.      Upon information and belief, the defendant ACCESS IT GROUP INC. (hereinafter "ACCESS IT") is a foreign corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business located at 900 East 8th Avenue, Suite 300, King of Prussia, Pennsylvania 19406.

3.      Defendant is in the business of hardware and software sales and technical support for the installation, maintenance, and upgrading of approval product line for Information Technology Security and Infrastructure Technologies.

4.      At all times hereinafter relevant, Defendant conducted substantial business in New York City and operated an office located at 11 Penn Plaza, New York, New York during a portion of the time of said breach.

## JURISDICTION AND VENUE

5.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and the costs of the action, exceeds the sum of Seventy-Five Thousand Dollars, ($75,000.00).

6.  Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district and the defendants are subject to personal jurisdiction within this district due to their substantial business contacts.

## FACTUAL ALLEGATIONS
### -AS AND FOR A FIRST CAUSE OF ACTION-

7.  On or about October 2001, Plaintiff began as a fulltime 1099 sales person working for the defendant.

8.  On or about February 2003, Plaintiff assumed the title of Regional Manager for defendant's company.

9.  Plaintiff was to be paid a percentage of the net profits of the defendant's New York operation, and receive reimbursement for certain expenses.

10. Beginning in June 2003 defendant unilaterally removes compensation of the Plaintiff, calling said proceeds "Deferred Income".

11. On or about September 30, 2006, Plaintiff provides notice of his intention to resign as Regional Manger.

12. On or about October 2006, a meeting took place concerning, *inter alia*, the status of the Deferred Income for the Plaintiff.

2

13.    On or about October 2006, a new proposed agreement was exchanged between the parties where he was appointed as a senior account manager.

14.    On February 7, 2007, Plaintiff terminated his representation of the defendant's business.

15.    Plaintiff has demanded that all outstanding commissions in the amount of Seventy-Two Thousand Four Hundred Fifty One Dollars ($72,451.00) be paid.

16.    Plaintiff has demanded that all deferred income of Forty Five Thousand Dollars ($45,000.00) be paid.

17.    Defendant refused to make the outstanding payments to the plaintiff.

18.    Plaintiff satisfied its obligations under the terms of its agreement.

19.    Plaintiff satisfactorily performed the terms and conditions of his employment with Defendant through all times hereinafter relevant.

20.    Defendant failed to pay Plaintiff the aforementioned sums which are due and owing at this time and has breached its contract with Plaintiff.

21.    As a result of Defendant's breach of the parties' agreement, Plaintiff has suffered a significant financial loss and is entitled to recover the following damages: Seventy Two Thousand Four Hundred Fifty One Dollars ($72,451.00) of his outstanding commissions and deferred income in an amount in excess of Forty Five Thousand Dollars ($45,000.00).

22.    Plaintiff has duly demanded payment of Defendant.

23.    Defendant has failed to make payment.

24.    As a result of the foregoing, Plaintiff demands judgment of Defendant of all proceeds, including interest, expenses and attorneys fees.

## -AS AND FOR A SECOND CAUSE OF ACTION-

25.     Plaintiff repeats and reiterates the preceding allegations.

26.     Upon information and belief Plaintiff's employment with Defendant was as a "Commissioned Salesperson" as that term is defined under section 190 of the New York Labor Law.

27.     Defendant's failure to pay Plaintiff wages owed violates Article 6 of the New York Labor Law.

28.     As a result of the foregoing, under the New York Labor Law Defendant shall be liable to Plaintiff for double damages on Plaintiff's earned commissions and for Plaintiff's reasonable attorneys' fees, court costs and disbursements.

29.     The total amount of Plaintiff's earned commissions owed by Defendant is in excess of One Hundred Seventeen Thousand Four Hundred Fifty One Dollars ($117,451.00).

30.     As a result of the foregoing, Defendant is liable under New York Labor Law to Plaintiff in this cause of action for the amount of One Hundred Seventeen Thousand Four Hundred Fifty One Dollars ($117,451.00), double damages, and for Plaintiff's reasonable attorneys' fees, court costs and disbursements.

31.     As a result of the foregoing, Plaintiff demands judgment of Defendant in the amount of Two Hundred Thirty Four Thousand Nine Hundred Two Dollars ($234,902.00), together with an award of Plaintiff's reasonable attorneys' fees, court costs and disbursements.

4

## -AS AND FOR A THIRD CAUSE OF ACTION-

32.     Plaintiff repeats and reiterates all prior allegations as set forth more fully here.

33.     Defendant retention of said commissions and deferred compensation has unjustly enriched the defendant.

34.     Defendant has no basis for retaining said monies.

35.     Such sums have been demanded but not returned.

36.     Defendant has been unjustly enriched by the retention of said money that it has no justifiable basis for withholding.

   **WHEREFORE**, Plaintiff demands that defendant be found responsible for the three aforementioned causes of action, and that this Court award all amounts owed, costs, interest and disbursements as this court deems just and proper

DATED:  Melville, New York
        February 15, 2008

                         Robert C. Sheps, Esq. (RCS5388)
                         SHEPS LAW GROUP, P.C.
                         *Attorneys for Plaintiff*
                         35 Pinelawn Road, Suite 106 East
                         Melville, New York 11747
                         (631) 249-5600
                         (631) 249-5613 Facsimile

TO:

ACCESS IT GROUP INC.
900 East 8th Avenue, Suite 300
King of Prussia, Pennsylvania 19406

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeremy F. Deluca

      Plaintiff,

             -v-

Access IT Group, Inc.

      Defendant,

Case No.:

**Rule 7.1 Statement**

    Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for **Jeremy F. Deluca** (a private, non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Date: _02/15/08_

                              Signature of Attorney

                              **Attorney Bar Code: RCS5388**

SOUTHERN DISTRICT OF NEW YORK

JEREMY F. DELUCA

Plaintiff,

-against-

ACCESS IT GROUP INC.

Defendant(s)

---

## SUMMONS AND COMPLAINT

### SHEPS LAW GROUP, P.C.
*Attorneys for Petitioner*
**35 Pinelawn Road**
**Suite 106 East**
**MELVILLE, NEW YORK 11747**
**(631) 249-5600**

---

*To:*   ***
*Attorney(s) for*   ***
*Service of a copy of the within* ***      is hereby admitted.
*Dated:* ***

                             *Attorney(s) for* ***

---

*PLEASE TAKE NOTICE*

☐   that the within is a (certified) true copy of a ***
     entered in the office of the clerk of the within named Court on ***

NOTICE OF
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to
     the Hon. ***
☐   one of the judges of the within named Court, at ***, on ***, at ***

NOTICE OF
SETTLEMENT
*Dated:* ***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-------------------------------------------------------------x

JEREMY F. DELUCA,                                    :

              Plaintiff,            :         08 Civ. 1699 (PKL)

          - against -            :         **CERTIFICATE OF SERVICE**

ACCESS IT GROUP, INC.,                               :

            Defendant.             :

-------------------------------------------------------------x

      I, James L. Simpson, certify that on this 16th day of July, 2008, I caused the foregoing

**Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss,** and

**Reply Declaration of David B. Hark** to be served electronically through the Court's CM/ECF

E-filing system on all known counsel of record.

Executed on July 16, 2008

                  _____/s/_____

                     James L. Simpson