UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY F. DELUCA,

        Plaintiff,

- against -

ACCESSIT GROUP, INC.,

        Defendant.

```
┌────────────────────────────┐
│ USDC SDNY                  │
│ DOCUMENT                   │
│ ELECTRONICALLY FILED       │
│ DOC #: _____     │
│ DATE FILED: 2\9\10         │
└────────────────────────────┘
```

**OPINION AND ORDER**

08 Civ. 1699  (PKL)

**APPEARANCES**

SHEPS LAW GROUP, P.C.
Robert Charles Sheps
35 Pinelawn Road, Suite 106 East
Melville, NY 11747

Attorney for the Plaintiff

COZEN O'CONNOR
Jennifer Fletcher Beltrami
250 Park Avenue
New York, NY 10177

Attorney for the Defendant

**LEISURE, District Judge**:

This is a diversity action for breach of employment agreement for unpaid commissions, violation of New York Labor Law § 191-c, and unjust enrichment.  Defendant, AccessIT Group, Inc. ("AccessIT"), moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss plaintiff's, Jeremy F. DeLuca's ("DeLuca"), second cause of action for double damages under Section 191-c of the New York Labor Law.  DeLuca cross-moves to amend his complaint pursuant to Rule 15(a).  Additionally, AccessIT moves pursuant to Rule 12(b)(5) to dismiss the entire complaint for insufficient service of process.  For the reasons stated below, defendant's motion to dismiss plaintiff's second cause of action pursuant to Rule 12(b)(6) is GRANTED, plaintiff's cross-motion to amend his complaint pursuant to Rule 15(a) is GRANTED, and defendant's motion to dismiss the entire complaint pursuant to Rule 12(b)(5) is DENIED.

## BACKGROUND

### I. The Parties' Agreement

DeLuca brings this diversity action against AccessIT for breach of an employment agreement (the "Agreement") for unpaid commissions.  The following facts are taken from the pleadings and do not constitute the findings of the Court.  DeLuca is a

resident of New Jersey. (Compl. ¶ 1.)  AccessIT is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. (Id. ¶ 2.) AccessIT conducts substantial business in New York and maintained an office in New York City during a portion of time at issue in the dispute. (Id. ¶ 4.) AccessIT "is in the business of hardware and software sales and technical support for the installation, maintenance, and upgrading of approval product line for Information Technology Security and Infrastructure Technologies." (Id. ¶ 3.)

On or about October 2001, DeLuca began to work for AccessIT "as a fulltime [sic] 1099 sales person." (Id. ¶ 7.)  Around February 2003, DeLuca assumed the title of Regional Manager for AccessIT. (Id. ¶ 8.)  DeLuca was to be paid a percentage of the net profits of AccessIT's New York operation and reimbursed for certain expenses. (Id. ¶ 9.)  Beginning in June 2003, AccessIT "unilaterally remove[d]" DeLuca's compensation, calling the proceeds "deferred income." (Id. ¶ 10.)  On or about September 30, 2006, DeLuca provided AccessIT with notice of his intention to resign as Regional Manager. (Id. ¶ 11.)  The next month, a meeting took place concerning, inter alia, the status of DeLuca's deferred income. (Id. ¶ 12.)  Around the same time, October 2006, a new proposed agreement was exchanged between the parties, appointing DeLuca "senior account manager." (Id. ¶

13.)  On February 7, 2007, DeLuca terminated his representation

of AccessIT's business.  (Id. ¶ 14.)

On February 20, 2008, DeLuca initiated this action,

alleging breach of contract, violation of New York Labor Law,

and unjust enrichment for AccessIT's failure to pay commissions

in the amount of $72,451.00 and deferred income in the amount of

$45,000.00, for a total of $117,451.00 in damages.  (Id. ¶ 21.)

## II.  The Instant Motions to Dismiss

AccessIT moves to dismiss on two grounds.  First, AccessIT

moves pursuant to Rule 12(b)(6) to dismiss DeLuca's second cause

of action, which requests double damages for a violation of

Section 191-c(3) of the New York Labor Law.  (See Def.'s Mem. of

Law in Supp. of Its Mot. to Dismiss ("Def.'s Mem.") 2.)

AccessIT alleges that Section 191-c(3) permits an award of

double damages only for claims by independent contractors.  (Id.

(citing N.Y. Labor Law § 191-c(3)).)  Since DeLuca alleges that

he is an employee, AccessIT contends that the complaint is

deficient on its face.  (Id.)  AccessIT further states that

curing this deficiency in an amended pleading would be futile

because Section 191-c(3) only applies to manufacturers, and

DeLuca has not, and cannot, allege that AccessIT is a

manufacturer.  (Id.)

4

Second, AccessIT moves to dismiss the entire complaint
under Rule 12(b)(5) for insufficient service of process because
it never was served with a summons. (Id.) AccessIT states that
"[o]n or about March 4, 200[8], [it] was served with a Civil
Cover Sheet, Complaint, and Rule 7.1 Statement" but that "[n]o
summons was included." (Id. 3.) In its reply brief, AccessIT
emphasizes that DeLuca had three chances to effect service
properly and has failed each time. (Def.'s Reply Mem. of Law in
Further Supp. of Its Mot. to Dismiss ("Def.'s Reply") 5.)
First, on March 4, 2008, DeLuca served AccessIT with a complaint
but no summons. (Id.) Second, DeLuca had until June 19, 2008
(120 days after commencement of this action) to remedy this
service defect by serving a summons but failed to do so. (Id. 5
n.2.) Third, DeLuca attempted to serve the summons on July 3,
2008, fourteen days after the 120-day deadline, but the summons
was missing both the court clerk's signature and the seal of the
court, rendering it ineffective. (Id. 5.) AccessIT contests
DeLuca's request for the Court to approve, nunc pro tunc,
DeLuca's belated effort to serve the unsigned and unsealed
summons and requests that the Court dismiss this action in its
entirety. (Id. 6.)

5

## **DISCUSSION**

The Court first addresses the standard for a motion to dismiss under Rule 12(b)(6) as well as the standard under Rule 12(d) for considering extrinsic documents submitted on a motion to dismiss. Next, the Court analyzes whether the complaint properly states a claim under Section 191-c(3) of the New York Labor Law and, if not, whether the Court should grant leave to amend. Finally, the Court addresses whether the complaint should be dismissed in its entirely under Rule 12(b)(5) for insufficient service of process.

## **I. Rule 12(b)(6) and Rule 12(d)**

### A. Rule 12(b)(6)

AccessIT moves to dismiss DeLuca's second cause of action for failure to state a claim upon which relief can be granted. (Def.'s Mem. 2.) To determine whether the pleadings state a claim under Section 191 of the New York Labor Law, the Court must address the standard for motions to dismiss, including what extrinsic evidence, if any, is appropriate for review on this motion. On a motion to dismiss, the Court considers "all 'well-pleaded factual allegations' to be true [to] 'determine whether they plausibly give rise to an entitlement to relief.'" Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868

(2009)). In Iqbal, the Supreme Court set out a two-pronged analysis to determine whether pleadings meet this plausibility standard. First, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950; see also United States v. Lloyds TSB Bank PLC, 639 F. Supp. 2d 326, 338-39 (S.D.N.Y. 2009) (same). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1950. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Lloyds TSB, 639 F. Supp. 2d at 339 (same). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950; S. Cherry St., LLC v. Hennessee Group LLC, 573 F.3d 98, 110 (2d Cir. 2009) (same).

Where a complaint fails to plead a plausible claim for relief, a Court may grant leave to amend. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). Leave to amend need not be granted, however, where

the proposed amendment would be futile. Advanced Magnetics,

Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997)

(Kearse, J.). Also, "[a] district court has discretion to deny

leave for good reason, including futility, bad faith, undue

delay, or undue prejudice to the opposing party." Holmes, 568

F.3d at 334 (internal quotation marks omitted) (quoting McCarthy

v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).


B. Rule 12(d)

In conjunction with DeLuca's brief in opposition to

AccessIT's motion to dismiss, DeLuca's counsel, Robert C. Sheps,

submits an affidavit with four exhibits that were not presented

to the Court previously ("Sheps Affidavit and Exhibits").

Exhibit A to the Sheps Affidavit is an e-mail between DeLuca and

AccessIT, dated December 17, 2003, concerning DeLuca's status as

an independent contractor. (Sheps Aff. Ex. A.) Exhibit B is a

copy of a letter written by DeLuca to AccessIT, dated January

14, 2004, also regarding DeLuca's status as an independent

contractor. (Id. Ex. B.) Exhibit C is a copy of AccessIT's

webpage explaining the company's services. (Id. Ex. C.)

Exhibit D is an e-mail between counsel for DeLuca and counsel

for AccessIT concerning this litigation. (Id. Ex. D.) Pursuant

to Rule 12(d) discussed below, these newly presented documents

are not part of the pleadings and will be excluded in deciding
this motion to dismiss.

"If, on a motion under Rule 12(b)(6) . . ., matters outside
the pleadings are presented to and not excluded by the court,
the motion must be treated as one for summary judgment under
Rule 56" and "[a]ll parties must be given a reasonable
opportunity to present all the material that is pertinent to the
motion." Fed. R. Civ. P. 12(d). However, if extrinsic evidence
submitted on a motion to dismiss is deemed part of the
pleadings, it may be considered in deciding the motion. See
Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, No. 07
Civ. 11028, 2010 WL 305317, at *13 (S.D.N.Y. Jan. 26, 2010)
(Leisure, J.). Pleadings include not just the four corners of
the complaint, but also "'any written instrument attached to it
as an exhibit or any statements or documents incorporated in it
by reference.'" Chambers v. Time Warner, Inc., 282 F.3d 147,
152 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am.
Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); Mangiafico v.
Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (same); see also
Fed. R. Civ. P. 10(c). "Even where a document is not
incorporated by reference, the court may nevertheless consider
it where the complaint 'relies heavily upon its terms and
effect,' which renders the document 'integral' to the
complaint." Chambers, 282 F.3d at 153 (quoting Int'l Audiotext,

9

62 F.3d at 72).  Therefore, extrinsic documents may be
considered as part of the pleadings if they either are (1)
attached to the complaint; (2) incorporated into the complaint
by reference; or (3) integral to the complaint.

Whether a document is attached to a complaint is self
evident.  See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d
42, 47 (2d Cir. 1991) (stating that any written instrument
attached as an exhibit to a complaint is deemed part of the
pleadings).  To be incorporated by reference, the complaint must
make "a clear, definite and substantial reference to the
documents."  Helprin v. Harcourt, Inc., 277 F. Supp. 2d 327,
330-31 (S.D.N.Y. 2003); see also B.V. Optische Industrie De Oude
Delft v. Hologic, Inc., 909 F. Supp. 162, 167 (S.D.N.Y. 1995)
(Leisure, J.).  "[L]imited quotation" of documents not attached
to the complaint "does not constitute incorporation by
reference."  Goldman v. Belden, 754 F.2d 1059, 1066 (2d Cir.
1985); see also In re Take-Two Interactive Sec. Litig., 551 F.
Supp. 2d 247, 299 n.39 (S.D.N.Y. 2008).  To be integral to a
complaint, the plaintiff must have (1) "actual notice" of the
extraneous information and (2) "'relied upon th[e] documents in
framing the complaint.'"  Chambers, 282 F.3d at 153 (quoting
Cortec, 949 F.2d at 48).  "[M]ere notice or possession is not
enough" for a court to treat an extraneous document as integral
to a complaint; the complaint must "'rel[y] heavily upon [the

10

document's] terms and effect'" for that document to be integral. Id. (quoting Int'l Audiotext, 62 F.3d at 72). Even if a document meets the twin requirements of integrality—reliance and notice—a court still may not consider it on a motion to dismiss if there is a dispute "regarding the authenticity or accuracy of the document" or "the relevance of the document" to the dispute. Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

In this case, the exhibits in the Sheps Affidavit were not attached to the complaint. Additionally, the complaint makes no explicit or implicit reference to, nor does it quote at all from, the exhibits. Therefore, the extraneous documents attached to the Sheps Affidavit are not incorporated into the complaint by reference. See Madu, 2010 WL 305317, at *14 (declining to consider extrinsic documents that were referenced implicitly in the complaint as incorporated in it by reference); Adams v. Crystal City Marriott Hotel, No. 02 Civ.10258, 2004 WL 744489, at *3 (S.D.N.Y. Apr. 6, 2004) (Leisure, J.) (declining to consider a "certification" attached to plaintiff's opposition to defendant's motion to dismiss because it neither was attached nor incorporated to the complaint by reference); Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002) (holding that an extraneous document was not incorporated by a brief reference to it in one paragraph of the complaint).

11

These extraneous documents also are not integral to
DeLuca's complaint. There is no dispute that, pursuant to the
first prong of the integrality test, DeLuca had "actual notice"
of the extraneous documents since he enclosed them with his
opposition brief. Chambers, 282 F.3d at 153. DeLuca, however,
is unable to satisfy the second integrality prong—reliance on
the documents in framing his complaint—because the complaint
does not "'rel[y] heavily upon [the documents'] terms and
effect[s].'" Id. (quoting Int'l Audiotext, 62 F.3d at 72); see
also Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d
150, 156 (2d Cir. 2006) (holding that a complaint's reference to
a guilty plea does not make the transcript of the plea proffer
integral to the complaint). Because the Sheps Affidavit and
Exhibits were submitted in response to issues raised in
AccessIT's motion to dismiss regarding DeLuca's status as an
independent contractor and AccessIT's status as a manufacturer,
the complaint does not mention, let alone rely heavily upon,
these extrinsic documents. The Sheps Affidavit and Exhibits,
therefore, are not integral to the complaint.

For the foregoing reasons, the Court holds that the Sheps
Affidavit and Exhibits neither are incorporated by reference nor
integral to the complaint and, therefore, will not be treated as
part of the pleadings in deciding this motion to dismiss. The
Court also declines to convert the instant motion into one for

12

summary judgment since discovery has not yet commenced.  See Madu, 2010 WL 305317, at *15; Davidson v. Citicorp/Citibank, No. 90 Civ. 0941, 1990 WL 176426, at *2 (S.D.N.Y. Nov. 8, 1990) (Leisure, J.).  "Nevertheless, as this Opinion will show, consideration of these submissions would not alter the Court's decision with respect to this motion."  B.V. Optische, 909 F. Supp. at 167.

The Court now turns to DeLuca's second cause of action against AccessIT to determine whether the pleadings state a claim under Section 191 of the New York Labor Law and, if not, whether leave to amend would be appropriate.

## II.  Cause of Action for Unpaid Commissions

DeLuca's second cause of action states that AccessIT's "failure to pay Plaintiff wages owed violates Article 6 of the New York Labor Law," resulting in liability "to Plaintiff for double damages on Plaintiff's earned commissions and for Plaintiff's reasonable attorneys' fees, court costs and disbursements."  (Compl. ¶¶ 27-28.)  DeLuca also states that his "employment with Defendant was as a 'Commissioned Salesperson' as that term is defined under section 190 of the New York Labor Law."  (Id. ¶ 26.)  AccessIT moves to dismiss DeLuca's second cause of action under Rule 12(b)(6) on the grounds that a commissioned salesperson, as defined under New York Labor Law,

13

is an employee, while a violation of Section 191-c of Article 6
of the New York Labor Law provides double damages only to
independent contractors. (Def.'s Mem. 4 (citing N.Y. Labor Law
§§ 190(6) & 191-c(3)).) The Court turns to the statutory
provisions at issue to determine whether plaintiff has pleaded a
cause of action under Section 191-c of the New York Labor Law.

### A. N.Y. Labor Law §§ 190(6), 191-a, and 191-c

Section 191-c of the New York Labor Law governs the payment
of sales commissions "[w]hen a contract between a principal and
a sales representative is terminated." N.Y. Labor Law § 191-
c(1). The statute covers breach of written, not oral,
contracts. See Gould Paper Corp. v. Madisen Corp., 614 F. Supp.
2d 485, 491 (S.D.N.Y. 2009) (Chin, J.) ("Oral agreements are not
covered by § 191-c."); Levine v. Zadro Prods., Inc., No. 02 Civ.
2838, 2003 WL 21344550, at *6 (S.D.N.Y. June 9, 2003)
(dismissing plaintiff's claim for double damages under Section
191-c where only an oral agreement for post-termination
commissions existed). Under the statute, sales representatives
are to be paid their earned commissions "within five business
days after termination or within five business days after they
become due in the case of earned commissions not due when the
contract is terminated." N.Y. Labor Law § 191-c(1). A
"principal" who violates Section 191-c by failing to make

14

"timely payment of all earned commissions shall be liable to the sales representative in a civil action for double damages" and "[t]he prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements." Id. § 191-c(3); see also Gould, 614 F. Supp. 2d at 491.

Section 191-c must be read in light of Section 191-a, which defines the terms "[p]rincipal" and "[s]ales representative." See N.Y. Labor Law § 191-a; Gould, 614 F. Supp. 2d at 491; Derven v. PH Consulting, Inc., 427 F. Supp. 2d 360, 369 (S.D.N.Y. 2006). A principal is "a person or company engaged in the business of manufacturing, and who:  (1) Manufactures, produces, imports, or distributes a product for wholesale; (2) Contracts with a sales representative to solicit orders for the product; and (3) Compensates the sales representative in whole or in part by commissions." N.Y. Labor Law § 191-a(c). A sales representative "is an independent contractor," as opposed to an employee, who "solicits orders in New York state and is not covered by [Sections 190(6) and 191(1)(c)]." Id. § 191-a(d); see also Jin v. Metro. Life Ins. Co., 310 F.3d 84, 88 n.4 (2d Cir. 2002) (noting that plaintiff's Section 191-c claim was dismissed because the statute only applies to independent contractors); AHA Sales, Inc. v. Creative Bath Products, Inc., 867 N.Y.S.2d 169, 176, 58 A.D.3d 6 (App. Div. 2008) ("Labor Law

§ 191-a defines 'sales representatives' as independent

contractors, in contrast to 'commission' salespersons, who are

classified as employees under Labor Law § 190(6) and §

191(1)(c)."); Deutschman v. First Mfg. Co., 775 N.Y.S.2d 855,

856, 7 A.D.3d 363 (App. Div. 2004) ("The statutory definition of

'[s]ales representative' (Labor Law § 191-a [d]) is clearly

limited to independent contractors, as opposed to salaried or

commissioned employees."); Goldberg v. Select Indus., Inc., 609

N.Y.S.2d 202, 204, 202 A.D.2d 312 (App. Div. 1994) ("[T]he

provisions of Labor Law § 191-a through § 191-c . . . apply only

to sales representatives who are independent contractors rather

than employees.").  A commissioned salesperson is considered an

employee under New York Labor Law and, therefore, is excluded

from coverage under Section 191-c.  See N.Y. Labor Law § 190(6)

(defining "[c]ommission salesman" as "any employee whose

principal activity is the selling of any goods, wares,

merchandise, services, real estate, securities, insurance or any

article or thing and whose earnings are based in whole or in

part on commissions" (emphasis added)); Kirsch v. Fleet St.,

Ltd., 148 F.3d 149, 170 (2d Cir. 1998) (Kearse, J.) (holding

that an independent contractor is not within the scope of the

definition of "commission salesman" in Section 190(6)); AHA

Sales, 867 N.Y.S.2d at 176 (stating that commissioned

16

salespersons "are classified as employees under Labor Law §
190(6) and § 191(1)(c)").

## B. Plaintiff Fails to State a Claim Under N.Y. Labor Law § 191-c

AccessIT alleges that DeLuca has failed to plead that he is
a "sales representative" and that AccessIT is a "principal," as
defined in Section 191-a.  (See Def.'s Mem. 4-6.)  As discussed
above, failure to plead these respective roles is significant
since the double damages provision in Section 191-c(3) does not
apply unless AccessIT is a principal (i.e., manufacturer) and
DeLuca is a sales representative (i.e., independent contractor).
AccessIT also contends that providing DeLuca leave to amend his
complaint would be futile since, "[a]s plaintiff knows, AccessIT
is not a manufacturer."  (Id. 5-6.)  DeLuca responds that he
"has indeed alleged that he was an independent sales person . .
. [subject to] double damages" in paragraph seven of his
complaint, which states "that he was a 'fulltime 1099 sales
person' for [AccessIT]."  (Pl.'s Mem. of Law in Supp. of Pl.'s
Opp'n to Def.'s Mot. to Dismiss and in Further Supp. of Pl.'s
Cross Mot. ("Pl.'s Opp'n") 3.)  DeLuca explains that "'1099'
refers to the [IRS] form that an independent contractor receives
stating his or her income" and that "[a] 1099 contractor is not
an employee of the business or businesses with which he or she

works, instead he or she is an independent contractor, or consultant, who is considered to be self-employed." (Id. 3-4.) DeLuca acknowledges that paragraph twenty-six of his complaint erroneously states that he is an employee of AccessIT. (Id. 4.) DeLuca, therefore, withdraws this paragraph and asks that it be stricken from the complaint or that he be granted permission to file an amended complaint. (Id.)  DeLuca disagrees with AccessIT's representation that AccessIT is not a manufacturer and questions whether "one must be a strict manufacturer to be subject to the double damages provision." (Id. 5.)  DeLuca states that "defendant is indeed in the business of selling, distributing, reconfiguring and, therefore, manufacturing of specifically catered security based IT products for its customers." (Id.)

The Court holds that plaintiff's inconsistent statements fail to articulate that he is an independent contractor.  While paragraph twenty-six of the complaint states that plaintiff is an employee, paragraph seven states that he is a "1099" salesperson. (Compl. ¶¶ 7, 26.)  Pursuant to the liberal amendment provision in Rule 15(a)(2), however, DeLuca is given thirty days leave to file and serve an amended complaint to correct this error, which DeLuca concedes was made. See Fed. R. Civ. P. 15(a)(2); Holmes, 568 F.3d at 334.

18

Next, the Court holds that the parties' factual dispute regarding AccessIT's status as a manufacturer is not appropriate for resolution on this motion to dismiss. See DiBlasio v. Novello, 344 F.3d 292, 304 (2d Cir. 2003) (holding that "a disputed issue of fact . . . is inappropriate to consider in the context of a Rule 12(b)(6) motion"); Banks v. Correctional Servs. Corp., 475 F. Supp. 2d 189, 195 (E.D.N.Y. 2007) (stating that, on a Rule 12(b)(6) motion, "[t]he Court's task 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" (quoting Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (citation and internal quotation marks omitted)); Yajure v. DiMarzo, 130 F. Supp. 2d 568, 571-72 (S.D.N.Y. 2001) ("The role of a district court in considering a motion to dismiss is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient.") (citation and internal quotation marks omitted). Therefore, whether AccessIT is in fact a manufacturer cannot, and will not, be decided on this motion.

The issue pending before the Court is whether DeLuca properly pleads that AccessIT is a manufacturer. To qualify as a principal and, therefore, be subject to Section 191-c of the New York Labor Law, an entity not only needs to "engage[] in the business of manufacturing," it also has to (1) manufacture,

19

produce, import, or distribute a product for wholesale; (2)
contract with a sales representative to solicit orders for the
product; and (3) compensate the sales representative in whole or
in part by commissions.  N.Y. Labor Law § 191-a(c)(1)-(3).
Paragraph three of the complaint, which is the only portion of
the complaint that describes AccessIT's business, states that
AccessIT "is in the business of hardware and software sales and
technical support for the installation, maintenance, and
upgrading of approval product line for Information Technology
Security and Infrastructure Technologies."  (Compl. ¶ 3.)
Nowhere in this paragraph or elsewhere in the complaint does
DeLuca state that AccessIT engages in the business of
manufacturing, let alone the manufacture, production,
importation, or distribution of products for wholesale.  See
N.Y. Labor Law § 191-a(c)(1).  It is clear, therefore, that the
pleadings do not articulate the necessary elements of the
statute.

Because DeLuca fails to plead that he is a "[s]ales
representative," as defined by Section 191-a(d), and that
AccessIT is a "[p]rincipal," as defined by Section 191-a(c),
AccessIT's motion to dismiss DeLuca's second cause of action for
double damages under Section 191-c of the New York Labor Law is
granted.  Nonetheless, pursuant to the liberal amendment
provision of Rule 15(a)(2), the Court grants DeLuca's cross-

20

motion to amend the complaint and gives him thirty days leave to replead, file, and serve an amended complaint.[1]

## III. Insufficient Service of Process

AccessIT also moves, pursuant to Rule 12(b)(5), to dismiss the complaint in its entirety for insufficient service of process. AccessIT states that, although it was served with a copy of the complaint, "no summons has ever been served, and plaintiff has not filed proof of service pursuant to Rule 4(l)(1)." (Def.'s Mem. 6.) As a result, AccessIT contends that the Court has no jurisdiction over it and should dismiss the complaint in its entirety. (Id.) In response, DeLuca asks the Court for an extension of time to serve the summons and to approve, nunc pro tunc, his subsequent late service of the summons. (Pl.'s Opp'n 2, 5–6.) AccessIT argues, however, that plaintiff's subsequent service on July 3, 2008 was deficient, not only because it was made fourteen days after the 120-day service deadline, but because the summons did not contain the court clerk's signature and seal of the court. (See Def.'s Reply 5–6 & Ex. A.) In deciding the instant motion, the Court first analyzes the standard for dismissal under Rule 12(b)(5), including the requirements set forth in Rule 4 regarding the

---

[1] Contrary to AccessIT's assertion, it is not apparent that amendment would be futile since the factual dispute regarding AccessIT's status as a manufacturer is not resolvable on the instant motion. (See Def.'s Mem. 5-6.)

21

content, issuance, and service of a summons. Next, the Court examines the late service provisions in Rule 4(m). Finally, the Court applies the aforementioned Rules to the instant dispute.

## A. Rule 12(b)(5)

A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process. See Fed. R. Civ. P. 12(b)(5). In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons. See Fed. R. Civ. P. 4. Under Rule 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." Id. 4(b). "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Id.; see also id. 4(a)(1)(F) & (G) (requiring that a summons be signed by the clerk and bear the court's seal). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) [120 days] and must furnish the necessary copies to the person who makes service." Id. 4(c)(1).

When a defendant challenges service of process, "the burden of proof is on the plaintiff to show the adequacy of service." Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999); see also

Crossen v. Bernstein, No. 91 Civ. 3501, 1994 U.S. Dist. LEXIS
8388, at *7 (S.D.N.Y. June 23, 1994) (Leisure, J.).  Technical
errors in a summons generally do not render service invalid.
See Durant v. Traditional Invs., Ltd., No. 88 Civ. 9048, 1990 WL
33611, at *4 (S.D.N.Y. Mar. 22, 1990) (Leisure, J.) ("When the
error in the summons goes to form rather than substance,
amendment . . . should be freely granted . . . as courts should
not deny a plaintiff her day in court due to technical
imperfections in service."); Macaluso v. N.Y.S. Dep't of Envtl.
Conservation, 115 F.R.D. 16, 17 (E.D.N.Y. 1986) (stating that
"amendments to process are freely given because courts do not
wish to deny plaintiffs their day in court for failure to
observe mere technicalities").  However, where the error
actually results in prejudice to the defendant or demonstrates a
flagrant disregard of Rule 4, service will be considered invalid
and amendment need not be allowed.  See Osrecovery, Inc. v. One
Group Int'l, Inc., 234 F.R.D. 59, 60 (S.D.N.Y. 2005) (Kaplan,
J.) ("Although minor or technical defects in a summons in
certain circumstances do not render service invalid, defects
that are prejudicial to the defendant or show a flagrant
disregard for [Rule 4] do."); 4A Charles Alan Wright & Arthur R.
Miller, Federal Practice and Procedure § 1088, at 462 (3d ed.
2002) ("Only when the error actually results in prejudice to the
defendant or demonstrates a flagrant disregard of the

requirements of Rule 4(a) . . . is the district court likely to rule that a failure to comply precisely with Rule 4(a) cannot be cured by amendment."). Courts in the Second Circuit are split as to whether an unsigned and unsealed summons is a technical defect or a flagrant disregard of Rule 4. Compare Krieger v. Am. Express Fin. Advisors, No. 98 Civ. 782E(F), 2000 WL 207119, at *4 (W.D.N.Y. Feb. 16, 2000) (denying defendant's motion to dismiss for insufficient service where the absence of the clerk's signature and the court's seal were "mere technical defects"); In re Halberstram, 219 B.R. 356, 359 (E.D.N.Y. Bankr. 1998) (stating that plaintiff's service of a summons that was not signed by the court clerk did not constitute "a flagrant attempt . . . to circumvent established requirements"); Durant, 1990 WL 33611, at *4 (holding that service of five summonses without court clerk's signature and court's seal was an error in "form rather than substance" where defendants received sufficient notice and were not prejudiced), with Crossen, 1994 U.S. Dist. LEXIS 8388, at *8 ("[W]hile a summons that contains minor technical defects may be amended nunc pro tunc . . ., service of an unsigned and unsealed summons is generally thought to demonstrate a flagrant disregard for the rules and, thus, to provide a basis for denying leave to amend."); Bd. of Educ. of Smithtown Cent. Sch. Dist. v. Factor, No. 88 Civ. 2760, 1989 WL 47707, at *2 (E.D.N.Y. Apr. 27, 1989) (McLaughlin, J.) ("Service

24

of an unsigned and unsealed summons is not a harmless error that can be cured nunc pro tunc . . . ."); Macaluso, 115 F.R.D. at 18 ("This Court . . . does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect. Instead, it amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4."); Gianna Enters. v. Miss World (Jersey) Ltd., 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (holding that serving an unsigned and unsealed summons is a "serious infraction" that "may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney."). As discussed below, this Court need not resolve whether the summons at issue here amounts to a technical error or a flagrant disregard of Rule 4 because, either way, the Court uses its discretion under Rule 4(m) to allow amendment.

## B. Rule 4(m)

"[I]f service is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant unless good cause for the failure to serve is shown." Crossen, 1994 U.S. Dist. LEXIS 8388, at *8-9; see also Fed. R. Civ. P. 4(m). Under Rule 4(m), the Court must extend the time to serve if plaintiff has shown good cause, and may

extend the time to serve even in the absence of good cause.  See Fed. R. Civ. P. 4(m) advisory committee's note (1993 Amendments) ("[Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown."); Henderson v. United States, 517 U.S. 654, 658 n.5, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); Harper v. N.Y.C. Admin. for Children's Servs., No. 09 Civ. 2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010) (Koeltl, J.).  In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay.  See Carroll v. Certified Moving & Storage, Co., LLC, No. 04 Civ. 4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005); AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000).  In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors:  (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether

defendant would be prejudiced by extending plaintiff's time for service. See Hertzner v. U.S. Postal Serv., No. 05 Civ. 2371, 2007 WL 869585, at *7 (E.D.N.Y. Mar. 20, 2007); Reese v. Univ. of Rochester, No. 04 Civ. 6117T(FE), 2005 WL 1458632, at *2 (W.D.N.Y. June 25, 2005); Sleigh v. Charlex, Inc., No. 03 Civ. 1369, 2004 WL 2126742, at *5 (S.D.N.Y. Sept. 14, 2004).

## C. Application

There is no dispute that plaintiff's March 4, 2008 service, which included a copy of the complaint but no summons, was defective under Rule 4(c). See Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint."); Osrecovery, 234 F.R.D. at 61 (dismissing complaint where plaintiffs showed "a complete disregard for the requirement that a summons be served"). The issue that the Court must resolve is whether plaintiff's subsequent attempt to cure this defective service should be approved nunc pro tunc. Plaintiff attempted to re-serve AccessIT on July 3, 2008, fourteen days after the expiration of the 120-day service deadline. This service also was deficient because the summons, which was enclosed with the complaint, did not contain the court clerk's signature and the court's seal. Although courts in this Circuit are split as to whether serving an unsigned and unsealed summons constitutes a technical defect or a flagrant disregard of Rule 4, the Court

27

need not resolve this question in this case.  Instead, the Court

holds that even if DeLuca's failed efforts at serving process

amount to a flagrant disregard of the Rule, the Court uses its

discretion under Rule 4(m) to grant DeLuca thirty days leave to

re-serve AccessIT with a proper summons and complaint.

A Court has discretion to grant an extension to serve

process even absent a showing of good cause.[2]  See Fed. R. Civ.

P. 4(m) advisory committee's note (1993 Amendments); Harper,

2010 WL 23328, at *2.  In this case, of the four factors that

this Court considers in determining whether a discretionary

extension is appropriate, three weigh in favor of granting leave

to re-serve.  See Hertzner, 2007 WL 869585, at *7; Reese, 2005

WL 1458632, at *2; Sleigh, 2004 WL 2126742, at *5.  Because it

does not appear that the statute of limitations would bar this

action from being refiled, the first factor is the only one that

favors dismissal.  The remaining three factors, however, weigh

in favor of granting an extension.  Pursuant to the second

---

[2] A "good cause" extension of time to serve under Rule 4(m) is not warranted
here where DeLuca has not used reasonable effort and diligence to rectify his
deficient service.  See Carroll, 2005 WL 1711184, at *2; AIG Managed, 197
F.R.D. at 108.  Even after AccessIT's reply brief put DeLuca on notice of
having served an unsealed and unsigned summons, DeLuca did not apprise the
Court of any subsequent attempt to serve a proper summons.  Nearly two months
after the instant motion was fully briefed, DeLuca filed two documents, both
of which are affidavits of service, verifying DeLuca's March 4, 2008 service
on AccessIT's President, David Hark.  (See docket nos. 12 & 13, filed
9/12/08.)  These two documents are identical to the affidavit of service
previously filed on July 1, 2008.  (See docket no. 7, filed 7/1/08.)  It is
not clear to the Court what purpose DeLuca intended the September 12, 2008
filings to serve.  To the extent that these documents were filed to cure
DeLuca's service deficiencies, such efforts clearly were not effective.

factor, there is no dispute that DeLuca's initial defective service provided notice to AccessIT of this lawsuit.  Indeed, DeLuca states that "shortly after the service of the Complaint, Plaintiff gave . . . over two months to the defendant to see if this matter could be amicably resolved."  (Pl.'s Opp'n 5.) Under the third factor, DeLuca represents that defense counsel "never mentioned she was missing any paperwork."  (Id. 6.) Under the fourth factor, AccessIT does not claim to have been prejudiced by DeLuca's delay in effecting valid service. Considering the balance of equities and the general preference for deciding cases on the merits, the Court uses its discretionary authority under Rule 4(m) to grant DeLuca thirty days leave to re-serve the summons along with the complaint (or an amended complaint, should one be filed) and file proof of service with the Court.  See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (expressing preference for deciding cases on the merits); Carroll, 2005 WL 1711184, at *3 (granting plaintiff discretionary extension under Rule 4(m) to re-serve process where balance of equities and principle that litigation generally should be resolved on the merits tips in favor of plaintiff).

For the reasons set forth above, the Court holds that DeLuca's failure to serve a proper summons does not warrant dismissal under Rule 12(b)(5).  Although the Court declines to

approve, nunc pro tunc, DeLuca's belated service of an unsigned and unsealed summons, it grants DeLuca thirty days leave to correct service consistent with the Federal Rules of Civil Procedure and this Opinion and Order and to file proof of service with the Court.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's second cause of action for failure to state a claim under Rule 12(b)(6) is GRANTED.  Plaintiff's cross-motion to amend his complaint is GRANTED.  Defendant's motion to dismiss plaintiff's entire complaint for insufficient service of process under Rule 12(b)(5) is DENIED.  Plaintiff has thirty (30) days from the date of this Opinion and Order to file and serve an amended complaint, along with a summons, and to file proof of service with the Court consistent with this Opinion and Order. The parties are ordered to appear for a pre-trial conference in courtroom 18B on March 18, 2010, at 10 a.m.

**SO ORDERED.**
**New York, New York**

February **9** , 2010

Peter K. Leisure

U.S.D.J.

Copies of this Opinion and Order have been e-mailed to:

Robert Charles Sheps
Sheps Law Group, P.C.
35 Pinelawn Road, Suite 106 East
Melville, NY 11747

Jennifer Fletcher Beltrami
Cozen O'Connor
250 Park Avenue
New York, NY 10177